UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Allen Lee Davis, | ) |
| | ) CIVIL ACTION NO. 9:09-1296-HFF-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Detective Lt. Gray, Sgt. Peppers and | ) |
| Linda Sha Harris, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action was originally filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a prisoner housed at the Greenwood County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

Plaintiff filed an amended complaint on September 24, 2009. After receiving an extension of time, the Defendants Gray and Peppers filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 16, 2010.[2] As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 19, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff thereafter filed a memorandum in opposition on May 28, 2010.

---

[1] Plaintiff if now an inmate with the South Carolina Department of Corrections. See Court Docket Nos. 39, 40 and 64.

[2] The remaining Defendant, who has appeared pro se, has not filed a dispositive motion.

- 1 -



The motion for summary judgment is now before the Court for disposition.[3]

**Background and Evidence**[4]

Plaintiff alleges in his verified amended complaint[5] that on November 28, 2007 the Defendants Gray and Peppers came to his residence and told him they wanted "to see the DVD that you are watch with the victim." Plaintiff alleges that he had not been looking at a DVD (which apparently was supposed to have been pornographic), although he did advise the officers that he had some old VHS tapes that were "porn" that once belonged to his brother. Plaintiff alleges that Gray and Peppers then asked if they could see those videos, to which Plaintiff responded "yes"". Plaintiff alleges that he then went and got the videos out of a shoe box in a cabinet.

Plaintiff alleges that Gray and Peppers took the tape box into the living room and started picking up DVDs and asking Plaintiff "what is this"? Plaintiff stated that he would show them and turned on the DVD player, to which Gray responded "not in front of the child."[6] Plaintiff alleges that he responded that it was nothing but a movie and a rhythm and blues group, at which time Gray and Peppers asked him how he had gotten the movie because it was "not out yet". Gray then

---

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[4] The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[5] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[6] Plaintiff's minor nephew was apparently in the house.



asked Plaintiff if there was anyone he could call, and when Plaintiff responded "no", Gray advised Plaintiff that he would call DSS to come get the Plaintiff's nephew. Plaintiff alleges that he asked about his "87 year old blind mother" and stated that he was not going to leave her in the house by herself, nor was he going to let DSS get his nephew.

Plaintiff alleges that the officers did not have any kind of warrant with them, and that Gray told him they just needed to talk with him. Plaintiff told "them" that he knew someone who would come to the house, and that "they" sent a car to pick that person up to come sit with his family. Plaintiff further alleges that "they" seized the DVDs and VHS tapes from his residence "without the necessary paperwork", including a VHS called "Black Booty # 13", even though he did not even have a VCR.

Plaintiff also alleges that the officers improperly wrote that he was HIV positive in their report, even though he "never made that statement at all." Plaintiff further alleges that Gray and Peppers then got "in touch with the victim mother [and] told her that I were HIV for what reason they didn't know." Plaintiff states that it was wrong for Gray and Peppers to do this.

Plaintiff seeks monetary damages against these two police officers. Plaintiff also seeks monetary damages against the Defendant Harris "for her wrongdoing." See generally, Verified Amended Complaint.

In support of summary judgment in the case, the Defendant Vernon Peppers has submitted an affidavit wherein he attests that he is a police officer with the Greenwood City Police Department. Peppers attests that on November 21, 2007, members of the Greenwood Police Department responded to a report of a minor being assaulted. Officers were advised by a female that her minor son had been at the Defendant's home the previous day, and that the son had later informed her that the Defendant had put his mouth on the son's "privates". The minor told the officers that the



Plaintiff had put a pornographic movie in for them to watch, pulled down the minor's pants, and put his mouth on the minor's privates. Peppers alleges that the officers then spoke to the Plaintiff, who initially denied any sexual contact with the minor.

Peppers further attests that on or about November 27, 2007, he met with the minor victim and the victim's mother, at which time both repeated their accusations against the Plaintiff. The minor described the movie as being a pornographic DVD showing a black man and woman having intercourse. Peppers attests that the minor's mother then spoke to a municipal judge, who issued two arrest warrants for the Plaintiff: one for criminal sexual conduct with a minor, second degree, and one for exhibiting harmful performance to a minor. See also, attached Exhibits 1-A [Incident Report] and 1-B [Arrest Warrants]. Peppers attests that he also obtained a search warrant for Plaintiff's residence for any pornographic movies as described by the minor victim. See also, attached Exhibit 1-C [Search Warrant].

Peppers attests that on or about November 28, 2007, he and the Defendant Lt. Gray went to Plaintiff's residence and asked to speak to him and to conduct a search. Peppers attests that they did not serve the search warrant because Plaintiff agreed to allow a search and signed a consent to search premises form. See also, attached Exhibit 1-D [Consent Form]. Peppers attests that Plaintiff also voluntarily produced pornographic VHS tapes that were in the back of the residence, and that he and Gray observed a stack of DVDs in the living room and played the one on top, which showed a black couple having intercourse. Peppers attests that they then seized thirteen (13) VHS tapes and nineteen (19) DVDs. Peppers attests that Plaintiff agreed to go to City Hall with them, where he was read his Miranda rights and agreed to talk to them without an attorney. Peppers attests that, during the interview, Plaintiff admitted that he voluntarily gave the police all the pornographic DVDs and tapes at his residence, and that he signed a consent form releasing such material. See also,



attached Exhibit 1-E [Transcript of Interview].  Plaintiff also admitted that he kissed the minor victim's penis.  Id.  Peppers attests that arrest warrants were then served on the Plaintiff, a bond hearing was conducted, and he was booked into the jail.  See generally, Peppers' Affidavit, with attached Exhibits.

Plaintiff was subsequently indicted on February 22, 2008 by the Greenwood Grand Jury for criminal sexual conduct with a minor, second degree, and disseminating harmful material to a minor.  See Defendants' Exhibit 2.  Plaintiff subsequently pled guilty on April 9, 2009 to committing a lewd act on a minor and exposing another to HIV.  See Defendants' Exhibit 3 [Guilty Plea/Sentencing Sheets].  See generally, Peppers Affidavit, with attached Exhibits.

In opposition to summary judgment, Plaintiff has submitted several exhibits, which include a copy of an Evidence Property Report dated November 29, 2007 (showing receipt of various DVDs and VCR tapes), a Consent to Search Inventory list dated November 28, 2007, a copy of a Booking Report dated November 28, 2007, a copy of the Incident Report, a copy of the Affidavits and Arrest Warrants, a Rule to Show Cause, a copy of an undated statement by the Plaintiff [essentially restating the allegations of his complaint], and a copy of a Change of Address Form.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed



by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.[7]

Plaintiff appears to assert two claims in his amended complaint. First, Plaintiff claims that he was improperly charged with a crime as a result of evidence obtained through an improper search. Second, Plaintiff alleges that it was improperly disclosed in the narrative of the police incident report that he is HIV positive, and that it was also improper for the Defendants Gray and Peppers to advise the victim's mother that he is HIV positive.

Plaintiff's first claim is patently without merit. The Defendants have submitted copies of the search warrant obtained for a search of Plaintiff's house, and have also submitted a copy of a consent form signed by the Plaintiff allowing his premises to be searched. Plaintiff has presented no evidence whatsoever to contest the validity of these two exhibits, or to otherwise give rise to a genuine issue of fact as to whether his house was improperly searched and/or evidence was improperly seized. In any event, any claim by Plaintiff that his arrest and/or any subsequent convictions were based on improperly obtained evidence is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which held that before a Plaintiff can recover damages for an allegedly unconstitutional conviction, or any damages bearing a relationship to a conviction, the Plaintiff must first show that

---

[7] While the Defendant Harris has not filed a separate motion for summary judgment, it is clear from the evidence presented that all of the Defendants are entitled to summary judgment.



the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a Federal Court's issuance of a writ of habeas corpus. Otherwise, any complaint which necessarily implies the invalidity of such conviction or sentence, if successful, must be dismissed. Plaintiff has made no such showing here.

While Plaintiff's original indictment was <u>nolle prossed</u>, it is clear from the evidence presented that this was due to the Plaintiff entering a plea of guilty to related charges. <u>See</u> Defendant's Exhibit 3. Since Plaintiff's indictment was not <u>nolle prossed</u> for reasons consistent with his innocence, this was not a favorable disposition of these charges under South Carolina law. <u>Cf</u>. <u>Washington v. Summerville</u>, 127 F.3d 552, 557 (7th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1515 (1998); <u>McKenney v. Jack Eckerd Co.</u>, 402 S.E.2d 887-888 (S.C. 1991); <u>cf</u>. <u>State v. Gaskins</u>, 210 S.E.2d 590, 592 (S.C. 1974); <u>Roesch v. Otarola</u>, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; <u>Berman v. Turecki</u>, 885 F.Supp. 528, 532-533, & n. 9 (S.D.N.Y. 1995) [holding that where criminal charges are inextricably intertwined with Plaintiff's claims because both resulted from an allegedly unconstitutional search, in order to succeed on his claim plaintiff must prove that the search was unconstitutional, and by extension, that any item seized pursuant to the search should have been suppressed. Effectively, this would constitute a collateral attack on Plaintiff's conviction through the vehicle of a civil suit, which is exactly the outcome <u>Heck</u> sought to prevent].

With respect to Plaintiff's claim concerning his HIV status, while casual, unjustified dissemination of confidential medical information to non-medical personnel could result in a

violation of a constitutionally protected right to privacy; cf. Woods v. White, 689 F.Supp. 874, 877 (W.D.Wis. 1988), aff'd. mem., 899 F.2d 17 (7th Cir. 1990), such is not the case here. Whether or not Plaintiff was HIV positive was a material part of the criminal case against him, and to argue that an innocent victim who may have been exposed to the HIV virus through criminal conduct of a Defendant should not be made aware of that potentiality, or has no right to disclosure, is absurd. See S.C. Code Ann. § 44-29-146; cf. Government of Virgin Islands v. Roberts, 756 F.Supp. 898, 903-904 (D.V.I. 1991); Seaton v. Mayberg, 610 F.3d 530, 534 n. 18 (9th Cir. 2010)(quoting Anderson v. Romero, 72 F.3d 518, 524 (7th Cir. 1995)["Neither in 1992 nor today was (is) the law clearly established that a prison cannot without violating the constitutional rights of its HIV - positive inmates reveal their condition to other inmates and to guards to enable those other inmates and those guards to protect themselves from infection."]; Blackstone v. Vogrin, No. 10-14, 2010 WL 1253895 (N.D.W.Va. Mar. 24, 2010) adopted by 2010 WL 1740714 (N.D.W.Va. Apr. 29, 2010; Bruno v. CSX Transp., Inc., 262 F.R.D. 131, 133-134 (N.D.N.Y. 2009)[Health Insurance Portability and Accountability Act ("HIPPA") provides for no federal cause of action; instead HIPPA provides an enforcement mechanism for the Secretary of Health and Human Services]; Harris v. City of Caruthersville, No. 09-81, 2009 WL 2836521 at *3 (E.D.Mo. Aug. 31, 2009)[discussing no clearly established right to privacy in a person's HIV status based on the facts in that case]; Jenkins v. Rock Hill School Dist., 513 F.3d 580, 591 (6th Cir. 2008)[criminal suspects have no constitutional right to privacy in information contained in a police report].[8] Plaintiff's claim is without merit.

---

[8]Here, the issue of whether Plaintiff was HIV positive was clearly relevant to the ongoing criminal investigation and a vital part of the police report. Plaintiff was charged with and ultimately pled guilty in open court to a charge which included his AIDS infection as part of that charge. Cf. Doe v. Lockwood, No. 95-3499, 1996 WL 367046, * 4-5 (6th Cir. 1996)[no right to privacy where
(continued...)



**Conclusion**

Based on the foregoing, it is recommended that Gray and Peppers' motion for summary judgment be **granted,** and that this case be **dismissed** as to all Defendants. Plaintiff's claim relating to the disclosure of his HIV status should be dismissed with prejudice, while the claims relating to Plaintiff's arrest and conviction should be dismissed without prejudice under Heck.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 8, 2010
Charleston, South Carolina

---

⁸(...continued)
Plaintiff confessed in open court that he had AIDS].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

